UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 15-23477-CIV-O'SULLIVAN

[CONSENT]

DOMINIC YACOVELLA,
    Plaintiff,

v.

APPAREL IMPORTS, INC., et al.,
    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on the Defendant's Motion for Summary Judgment (DE# 80, 6/3/16). On September 2, 2016, the Court held a hearing on the instant motion.

## BACKGROUND

Defendant Apparel Imports, Inc. (hereinafter "Apparel") manufactures and sells formal wear. Defendant Esperanza Campo lives in Florida and is the President and sole owner of Apparel. Defendant Arturo Alcantara is the Chief Executive Officer of Apparel. Defendant Sandra Vallejo is the General Manager of Apparel.

Apparel manufactures its products in Colombia. For a period of time, Apparel benefitted from the Andean Trade Promotion and Drug Eradication Act (ATPDEA). Under the ATPDEA, goods manufactured in Colombia were exempt from duties. The year 2012 was the first full year Apparel operated without custom duty exemptions and suffered a decline in net profits as a result. Its net profits continued to decline significantly in 2013. Apparel realized that 2014 would be financially disastrous for the company and decided to take steps to restructure the company's operations.

The plaintiff, Dominic Yacovella, was born on November 28, 1948. The plaintiff suffers from a heart condition. In 2002, the plaintiff had to take approximately one month off of work due to this heart condition. Additionally, the plaintiff was hospitalized as a result of his heart condition from August 31, 2013 through September 5, 2013 and underwent stent placement surgery during this hospitalization.

The plaintiff worked with/for Apparel from January 1999 through on or about August 30, 2013. At the time of his termination, the plaintiff held the job title of National Sales Manager and was 64 years old. The parties dispute whether the plaintiff was an employee of Apparel or an independent contractor.

On December 4, 2015, the plaintiff filed a Third Amended Complaint asserting 18 causes of action. See Third Amended Complaint (DE# 64, 12/4/15). The Third Amended Complaint asserted the following causes of action against Apparel: violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq. (Count I); violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. (Count II); breach of contract (Count VI); breach of implied contract of employment (Count VII); promissory estoppel/detrimental reliance (Count XIII); Quantum Meruit (Count XIV) and unjust enrichment (Count XV). Id.

The Third Amended Complaint asserted the following causes of action against all defendants: violation of the New Jersey Law Against Discrimination (Count III); violation of the New Jersey Wage Payment Law (Count IV); violation of the Sales Representatives' Rights Act of New Jersey (Count V); breach of implied partnership agreement (Count VIII); conversion (Count IX); violation of the New Jersey Trades Secret Act (Count X); unfair competition, passing off of goods, trademark dilution, trade

dress infringement (Count XI); civil conspiracy (Count XII); fraud (Count XVI); fraudulent inducement (Count XVII) and tortious interference (Count XVIII). Id.

The defendants move for summary judgment on all counts. At the September 2, 2016 hearing, the plaintiff withdrew the following counts: breach of implied partnership agreement (Count VIII), violation of the New Jersey Trades Secret Act (Count X); unfair competition, passing off of goods, trademark dilution, trade dress infringement (Count XI); fraud (Count XVI); fraudulent inducement (Count XVII) and tortious interference (Count XVIII). The Court will address the instant motion as to the remaining Counts.

## STANDARD OF REVIEW

The Court, in reviewing a motion for summary judgment, is guided by the standard set forth in Federal Rule of Civil Procedure 56(a), which states, in relevant part, as follows:

> A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a).

The moving party bears the burden of meeting this exacting standard. Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986). That is, "[t]he moving party bears the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991) (quoting Celotex, 477 U.S. at 323) (internal quotation

marks omitted).

In assessing whether the moving party has satisfied his or her burden, the Court is required to view the evidence and all factual inferences arising therefrom in the light most favorable to the non-moving party. Batey v. Stone, 24 F.3d 1330, 1333 (11th Cir. 1994). Summary judgment is appropriate when there is no dispute as to any material fact and only questions of law remain. Reich v. John Alden Life Ins. Co., 126 F.3d 1, 6 (1st Cir. 1997). If the record presents factual issues, the Court must deny the motion and proceed to trial. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

Despite these presumptions in favor of the non-movant, the Court must be mindful of the purpose of Rule 56, which is to eliminate the needless delay and expense to the parties and to the Court caused by an unnecessary trial. Celotex, 477 U.S. at 322-323. Consequently, the non-moving party cannot merely rest upon his or her bare assertions, conclusory allegations, surmises or conjectures. Id.

As the Supreme Court noted in Celotex:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against the party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which the party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

Id. at 322-323. Thus, the mere existence of a scintilla of evidence in support of the non-moving party's position is insufficient. There must be evidence on which the jury could reasonably find for the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986).

## ANALYSIS

As previously noted, the plaintiff has withdrawn some of his counts. The Court will address the remaining counts below.

**1.    The ADEA (Count I) and ADA (Count II) Claims**

Defendant Apparel seeks summary judgment on Counts I and II on the grounds that: (1) the plaintiff is an independent contractor and not an employee and (2) the plaintiff presents no evidence that the reason for his termination was based on age or disability.

**a.    Whether the Plaintiff Was an Employee or an Independent Contractor**

Both the ADEA and the ADA protect employees. See Daughtrey v. Honeywell, Inc., 3 F.3d 1488, 1495 n. 13 (11th Cir.1993) ("The ADEA does not provide relief for discrimination against an independent contractor."); PGA Tour, Inc. v. Martin, 532 U.S. 661, 691-92 (2001) (noting that Title I of the ADA, governing employment discrimination, does not protect independent contractors). Thus, if the plaintiff is an independent contractor, Apparel would be entitled to summary judgment on the plaintiff's ADEA and ADA claims.

Here, the parties are in agreement that the Court must employ a hybrid test in determining whether the plaintiff was an employee or an independent contractor. See Defendant's Motion for Summary Judgment (DE# 80-1 at 6, 6/3/16) (stating that "[i]n determining whether an individual is an employee or an independent contractor for purposes of coverage by the ADEA and the ADA, the Eleventh Circuit Court of Appeals has approved the use of a hybrid test."); Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment (DE# 90 at 7, 7/11/16) (stating that "the

Eleventh Circuit has adopted a hybrid economic realities test to determine whether a worker is an employee."). Thus, the Court will assume, without deciding, that the hybrid test is the applicable standard.

"Under the hybrid approach, [courts] look at the common-law agency test, tempered by a consideration of the economic realities of the hired party's dependence on the hiring party." Ashkenazi v. S. Broward Hosp. Dist., 607 F. App'x 958, 961 (11th Cir. 2015) (citation and internal quotation marks omitted). Courts consider "the extent of the employer's right to control the means and manner of the worker's performance [as] the most important factor to review . . . ." Fortier v. Jabil Circuit, Inc., No. 8:10-CV-731-T-27EAJ, 2011 WL 1743834, at *2-3 (M.D. Fla. May 6, 2011) (citation and internal quotation marks omitted). Additional factors include:

> (1) the kind of occupation, with reference to whether the work usually is done under the direction of a supervisor or is done by a specialist without supervision; (2) the skill required in the particular occupation; (3) whether the "employer" or the individual in question furnishes the equipment used and the place of work; (4) the length of time during which the individual has worked; (5) the method of payment, whether by time or by the job; (6) the manner in which the work relationship is terminated; i.e., by one or both parties, with or without notice and explanation; (7) whether annual leave is afforded; (8) whether the work is an integral part of the business of the "employer"; (9) whether the worker accumulates retirement benefits; (10) whether the "employer" pays social security taxes; and (11) the intention of the parties.

Id. (citation omitted).

Here, the plaintiff worked for Apparel for fourteen years. The plaintiff's title at the time of termination was "National Sales Manager." The plaintiff worked in a sales position and sales of formal wear products was clearly an integral part of the business. The plaintiff's job duties included managing the sales of acknowledged "employees" of

Apparel. He supervised a team of up to four salespeople and had the power to fire or terminate them, but not without the defendant's approval. Although the plaintiff worked out of his own home and used his own car, Apparel provided him with samples, paid for his phone and, for a time, provided him with a company credit card. The plaintiff was provided his own company email address, while other independent salespeople working for Apparel were not. The plaintiff was also on the defendant's medical insurance plan for a period of time, but that was terminated and other corporations contributed to it. The majority of the plaintiff's income, upwards of seventy percent, came from Apparel.

On the other hand, the plaintiff was hired by Apparel specifically for his acumen in the sales role. The plaintiff's position favored an individual with extensive knowledge of the industry and the plaintiff was hired in part because of his extensive contacts and relationships within the industry. The plaintiff was paid both monthly and on commission. He was required to send Apparel an invoice every month for his salary, and at the end of the year would receive commission based on his sales above a threshold minus a monthly commission advance. The plaintiff was fired with little to no notice, implying an at-will relationship. Apparel provided no annual leave to the plaintiff and the plaintiff accrued no retirement benefits. The plaintiff filed 1099 tax return forms and Apparel paid no social security taxes.

At best, genuine issues of material fact exist concerning whether the plaintiff was an employee or an independent contractor. Apparel is not entitled to summary judgment on this ground.

  **b.** **The Plaintiff's ADA and ADEA Claims**

Apparel further argues that it is entitled to summary judgment on the plaintiff's

ADA and ADEA claims because the plaintiff has failed to show that his termination was based on age or disability. The McDonnell Douglas burden shifting framework applies to both ADA and ADEA claims. See Quitto v. Bay Colony Golf Club, Inc., No. 206CV-286-FTM-29DNF, 2007 WL 2002537, at *3 (M.D. Fla. July 5, 2007) (stating that "[i]n analyzing claims under Title VII, the ADA, ADEA, 42 U.S.C. § 1981 and the FCRA, the Court follows the same burden-shifting analysis established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) and its progeny.").

Under this framework, the plaintiff must first establish a prima facie case of discrimination. The burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action. See Perry v. Batesville Casket Co., 551 F. App'x 987, 989 (11th Cir. 2014). If the employer asserts a legitimate, nondiscriminatory reason for the adverse action, the burden shifts back to the plaintiff to show pretext. Id.

For summary judgment purposes only, the Court assumes, arguendo, that the plaintiff has set forth a prima facie case of discrimination under the ADA and the ADEA. The burden thus shifts to Apparel to proffer a legitimate, non-discriminatory reason for the plaintiff's termination. Apparel has proffered that it terminated the plaintiff because it needed to restructure the company due to a significant decline in net profits as a result of the ATPDEA.

A plaintiff may show pretext by demonstrating "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find [those reasons] unworthy of credence." Silvera v. Orange Cnty. Sch. Bd., 244 F.3d 1253, 1258

(11th Cir. 2001) (Title VII case). The plaintiff argues that Apparel's reason for terminating the plaintiff is pretextual because: (1) there were no complaints about the plaintiff's job performance; (2) Apparel hired two employees to perform the plaintiff's duties after the plaintiff was termination and (3) the plaintiff was not offered a position at less pay because Mr. Alcantara believed it would be "demotivating."

The fact that the plaintiff was a good salesman does not suggest pretext because Apparel is not claiming it terminated the plaintiff for any reason other than to save on costs. Here, there is no evidence to rebut Apparel's assertion that it suffered a significant decline in net profits beginning in 2012. The plaintiff has presented no evidence that the combined earnings of the two employees who took over the plaintiff's duties were comparable to the plaintiff's compensation. In fact, the plaintiff does not dispute that at least one of the individuals, Tom DeYoung, was paid less money than the plaintiff.[1] The other person who took over the plaintiff's duties was paid strictly on commission and thus did not cost Apparel any money. Additionally, there is record evidence that Apparel terminated six other individuals apart from the plaintiff, thus bolstering its claim that it was restructuring the company. The ages of these other individuals were 34, 38, 45, 54, 60 and 64. Finally, Mr. Alcantara's reason for not offering the plaintiff a job at a lower rate of compensation is not so implausible as to undermine Apparel's stated reason for the plaintiff's termination. The plaintiff has failed

---

[1] See Statement of Undisputed Facts in Support of Defendants' Summary Judgment Motion (DE# 84-1 at ¶ 33, 6/6/16); Plaintiff's Response to Defendants' Statement of Facts and Plaintiff's Statement of Material Facts (DE# 90-1 at ¶ 33, 6/6/16).

to carry his burden of establishing pretext.[2]

In sum, Apparel is not entitled to summary judgment on the ground that the plaintiff is an independent contractor because genuine issues of material fact exist concerning this issue. Nonetheless, the Court **GRANTS** summary judgment on the plaintiff's ADA and ADEA claims because the plaintiff has failed to rebut Apparel's proffered reason for terminating the plaintiff: the need to restructure the company.

**2.    The New Jersey Law Against Discrimination (Count III), New Jersey Wage Payment Law (Count IV) and Sales Representatives' Rights Act of New Jersey (Count V)**

### a.    The New Jersey Law Against Discrimination (Count III)

The defendants argue that Count III fails because: (1) the plaintiff was an independent contractor and not an employee; (2) no evidence that the plaintiff was discriminated on the basis of his disability or age and (3) the individual defendants are also entitled to summary judgment because there is no evidence that they aided and abetted in discriminating against the plaintiff.[3]

---

[2] "[E]stablishing the elements of the McDonnell Douglas framework is not, and never was intended to be, the sine qua non for a plaintiff to survive a summary judgment motion in an employment discrimination case." Smith v. Lockheed-Martin Corp., 644 F.3d 1321, 1328 (11th Cir. 2011). Smith makes clear that "the plaintiff will always survive summary judgment if he presents circumstantial evidence that creates a triable issue concerning the employer's discriminatory intent." Kidd v. Mando Am. Corp., 731 F.3d 1196, 1207 (11th Cir. 2013) (citing Smith, 644 F.3d at 1328). "A triable issue of fact exists if the record, viewed in a light most favorable to the plaintiff, presents a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker." Id. The plaintiff's discrimination claims fail under this standard for the same reasons that his claims fail under the pretext standard.

[3] The defendants also argue that they are entitled to summary judgment because all of the acts occurred in Florida and not in New Jersey. It is not necessary for the Court to address this argument in conjunction with the plaintiff's claim under the New Jersey Law Against Discrimination (Count III). This argument will be addressed as to

The Court has already determined that genuine issues of material fact preclude summary judgment on the independent contractor issue. See discussion, supra. Additionally, the plaintiff cannot show that Apparel discriminated against him on the basis of age or disability because he has failed to show pretext for the reasons discussed above. Id.[4]

Because the plaintiff cannot hold Apparel liable for discrimination, the plaintiff's claims against the individual defendants for aiding and abetting in the discrimination also fail. "To hold an employee liable as an aider and abettor, a plaintiff must show that (1) the employer whom the defendant aided performed a wrongful act causing an injury; (2) the defendant was generally aware of his role as part of an overall illegal or tortious activity at the time that he provided the assistance; and (3) the defendant knowingly and substantially assisted the principal violation." Ross-Tiggett v. Reed Smith LLP, No. CV 15-8083 (JBS-AMD), 2016 WL 4491633, at *7 (D.N.J. Aug. 25, 2016) (citation omitted).

The plaintiff argues that the individual defendants are liable under the New Jersey Law Against Discrimination because they signed the termination letter and participated in the decision to terminate the plaintiff. However, the plaintiff points to no record evidence that the individual defendants knew Apparel was discriminating against the plaintiff on the basis of his age and/or disability and **knowingly** aided and abetted in

---

other claims raised under New Jersey law.

[4] Because the plaintiff cannot prevail under the federal discrimination statutes, he cannot prevail under his state law discrimination claim. See Lawrence v. Nat'l Westminster Bank New Jersey, 98 F.3d 61, 65, 70 (3d Cir. 1996) (stating that claims under the ADEA and ADA are governed by the same standards as the New Jersey Law Against Discrimination).

the discrimination. Accordingly, the plaintiff has failed to establish a claim against the individual defendants under an aiding and abetting theory of liability.

The Court **GRANTS** summary judgment to the defendants on the plaintiff's claim under the New Jersey Law Against Discrimination for the same reasons as the ADA and ADEA claims and further **GRANTS** summary judgment to the individual defendants because the plaintiff has failed to show that the individual defendants knowingly aided and abetted in Apparel's alleged discrimination of the plaintiff.

      **b.**    **The Remaining Claims under New Jersey Law (Counts IV and V)**

With respect to the remaining counts under New Jersey law, the defendants argue that they are entitled to summary judgment because all of the acts occurred in Florida and not in New Jersey. The plaintiff counters that he did substantial work in New Jersey. In the years leading up to his termination, the plaintiff performed more than fifty percent of his work in New Jersey. During peak season (late June to November), the plaintiff worked for Apparel 80 to 90 percent of the time in New Jersey. Both the plaintiff and Apparel agreed to designate the plaintiff's New Jersey home as Apparel's New Jersey office.

The Court **DENIES** summary judgment to the defendants on the plaintiff's remaining claims under New Jersey law (Counts IV and V) because genuine issues of material fact exist concerning whether the plaintiff performed a significant amount of work in New Jersey and is therefore entitled to the protections of those statutes. The fact that the district court in New Jersey granted a motion to transfer venue is not dispositive of the issue of whether the New Jersey statutes should apply.

The defendants do not raise any other grounds for summary judgment as to

these counts.

### 3. Breach of Contract against Apparel (Count VI) and Breach of Implied Contract of Employment against Apparel (Count VII)

Apparel argues that it is entitled to summary judgment on the breach of contract claim because: (1) there is no evidence of the existence of a contract between the plaintiff and anyone else at Apparel; (2) Defendant Alcantara and the plaintiff agree there may have been a written contract but no one can locate it and the only contract attached to the complaint is not signed; (3) the plaintiff admitted there was no written contract and (4) under Florida law a contract for an indefinite term is unenforceable.[5]

The plaintiff argues that the doctrine of additional consideration is an exception to the general rule in Florida that a contract for an indefinite term is terminable at the will of either party. The plaintiff argues that he conferred additional consideration by bringing with him a coat design that was the basis for Apparel's growth and exponential success for 10 plus years. The plaintiff further argues that he provided additional consideration in the form of "things of value" – industry contacts, customer lists, knowledge of the formal wear business, customer and vendor relationships and goodwill, and other privileges associated with his various pre-existing business arrangements. Finally, the plaintiff notes that Apparel agreed to compensate the plaintiff by providing him commissions for sales made in the Northeast territory during plaintiff's employment and owes the plaintiff for commissions earned in 2013.

With respect to the breach of implied contract claim, Apparel argues that it is

---

[5] At the September 2, 2016 hearing, the plaintiff's counsel acknowledged that the plaintiff testified during his deposition that the agreement was for the plaintiff to work until he was 70 years old, not lifetime employment.

entitled to summary judgment because: (1) the plaintiff offers no evidence to support this claim; (2) the plaintiff's deposition testimony disavows this claim; (3) Defendant Alcantara and Defendant Campos state that they hired plaintiff as an independent contractor; (4) the plaintiff testified that he and Mr. Alcantara talked about the plaintiff working until he was 70 years old, not lifetime and (5) the plaintiff was compensated for his work and there was no evidence of inequity.

The Court **DENIES** summary judgment to Apparel on the plaintiff's breach of contract (Count VI) and breach of implied contract of employment (Count VII) claims because genuine issues of material fact exist concerning the existence of a contract or implied contract between the parties; whether the plaintiff's "things of value" constitute additional consideration or were merely part of the tools he used to perform his job duties; whether the plaintiff was paid for all commissions owed in 2013 and whether Apparel breached the contract or implied contract by terminating the plaintiff for a reason other than for cause.

**4.    Conversion (Count IX)**

In the Third Amended Complaint, the plaintiff alleges that the defendants have been rebranding and selling formal wear designs that the plaintiff developed and shared with Apparel while he was still employed, but which Apparel indicated no interest in during the plaintiff's employment. At the September 2, 2016 hearing, the plaintiff limited this claim to a "cut away coat" design presented to the defendants in 2013.

The defendants argue that they are entitled to summary judgment because: (1)

the plaintiff does not identify property or money of which he has been deprived,[6] rather the plaintiff alleges he gave ideas to Apparel that it used or did not use and (2) providing input on designs was part of the plaintiff's job and plaintiff was paid for his contributions.

The Court **GRANTS** summary judgment to the defendants on the plaintiff's claim of conversion (Count IX). There is no record evidence that the plaintiff had an ownership interest in the coat design. Additionally, the fact that the plaintiff presented some designs to Apparel that Apparel rejected and then later used, does not support the plaintiff's conversion claim because that was part of the plaintiff's job duties.

5. **Civil Conspiracy (Count XII)**

The Third Amended Complaint alleges that the defendants have been re-branding and selling formal wear designs that the plaintiff developed and shared with Apparel while he was still employed, but which Apparel indicated no interest in during Mr. Yacovella's employment. As noted above, this claim is now limited to the "cut away coat" design presented to the defendants in 2013.

The defendants argue that they are entitled to summary judgment on this count because: (1) the plaintiff has not presented any evidence to support this claim and (2) the intraconspiracy doctrine precludes the officers, directors and employees of a corporation from conspiring with the corporation unless they have a personal stake

---

[6] The Court is not persuaded by the defendants' argument that a cause of action for conversion can only exist based on the taking of physical property or money. See, e.g., In re Corbin's Estate, 391 So. 2d 731, 732 (Fla. 3d DCA 1980) (noting that "[a]ctions for conversion may properly be brought for a wrongful taking over of intangible interests in a business venture.").

apart from the corporation. The plaintiff argues that the intraconspiracy doctrine does not apply because the individual defendants had a personal stake in ownership and equity shares in Apparel.

"Since a corporation must act through its officers, directors, or employees, it is well settled that a corporation cannot conspire with those persons unless the individual has a personal stake in the activity **apart from that of the corporation**." Buckner v. Lower Florida Keys Hosp. Dist., 403 So. 2d 1025, 1029 (Fla. 3d DCA 1981) (emphasis added). Here, to the extent the individual defendants have a personal stake in Apparel, the plaintiff has failed to show that their personal stake is "apart from that of the corporation." Accordingly, the intraconspiracy doctrine bars this claim.

The Court **GRANTS** summary judgment to the defendants on the plaintiff's civil conspiracy claim (XII) because there is no record evidence that the individual defendants had a personal stake apart from the corporation.

6.      **Promissory Estoppel/Detrimental Reliance (Count XIII), Quantum Meruit (Count XIV) and Unjust Enrichment (Count XV) against Apparel**

The defendants argue that they are entitled to summary judgment on these counts because the plaintiff was well paid for his efforts and the plaintiff has failed to present any record evidence of the benefits conferred to the defendants especially the individual defendants.

The plaintiff argues that he shared things of value with the defendants without compensation in the form of industry contacts, customer lists, knowledge of the formal wear business, customer and vendor relationships and goodwill, and other privileges associated with his various pre-existing business arrangements. According to the

plaintiff, because he supplied these things of value, Apparel grew from $4.5 million to $25 million in annual sales. The plaintiff shared these things of value with the defendants in exchange for employment until the age of 70. The plaintiff further argues that he took the job with Apparel foregoing other business opportunities, made sales expecting commissions, delivered additional consideration expecting employment until the age of 70.

The Court **GRANTS** summary judgment to the defendants on the plaintiff's claims for promissory estoppel/detrimental reliance (Count XIII), quantum meruit (Count XIV) and unjust enrichment (Count XV). The plaintiff has not pointed to record evidence to support these claims. Moreover, the plaintiff did not work for free and was paid a salary and commissions for his work.[7]

## CONCLUSION

Based on the foregoing it is

ORDERED AND ADJUDGED that the Defendant's Motion for Summary Judgment (DE# 80, 6/3/16) is **GRANTED in part and DENIED in part**. The defendants are entitled to summary judgment with respect to Counts I through III, IX, XII, XIII, XIV and XV. Counts VIII, X, XI, XVI, XVII and XVIII have been withdrawn. The case shall

---

[7] Additionally, at the September 2, 2016 hearing, the plaintiff conceded to the withdrawal of Counts XIII through XV as they were pled in the alternative to the breach of contract (Count VI) and breach of implied contract (Count VII) claims that have survived summary judgment.

proceed to trial on Counts IV through VII.

DONE AND ORDERED in Chambers at Miami, Florida this **6th** day of September, 2016.

*[signature]*

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
All counsel of record